HOSFORD v. WYNN.

1. Land assigned to a widow as homestead and dower out of her husband's estate was levied and sold by the sheriff for the payment of her individual debt antedating the constitution of 1868. *Held,* that the purchaser took so much of said land as was assigned for dower, and also the fee in so much of the remainder as descended to the widow, burdened, however, with the homestead exemption so assigned.

2. A claim of homestead by a widow as against her husband's debts and out of his estate, cannot be defeated by any debt due by her individually.

3. Under a sheriff's deed to land all the leviable interest of the judgment debtor passes, and the debtor cannot dispute such a deed; but a right of homestead, even after assignment, is a mere right to occupy, and is not subject to levy and sale.

4. In a case at law this court cannot modify a judgment of the court below; it can only reverse or affirm.

Before ALDRICH, J., Richland, November, 1883.

Action by Andrew J. Hosford against Martha C. Wynn for the recovery of real property, commenced in March, 1883. The opinion states the case.

*Mr. John Bauskett,* for appellant.

*Messrs. Bachman & Youmans,* contra.

March 9, 1885.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   It is stated in the case herein that in November, 1872, the defendant, appellant, Martha C. Wynn, had the land in dispute assigned to her as her homestead and dower out of her deceased husband's property, and that she has been in possession thereof ever since.   At the time of this assignment there was a judgment against her, obtained May 11, 1871, on a note given by her, Mary Wynn, and Margaret Wynn, dated November 20, 1867. The husband of the defendant Martha had died anterior to the date of this note.   The land was sold under the above judgment some time in 1882, and was bought by the plaintiff, the titles from the sheriff to the plaintiff being executed June 5, 1882.

Under these circumstances the action below was brought for the recovery of the land.   The plaintiff relied upon the sheriff's deeds, the execution of which was admitted.   The defendant claimed that she was in possession of the lands as a homestead, which had been duly set apart and assigned to her out of the estate of her deceased husband under the law which allowed homestead to the widow and children of a deceased debtor, and that the sale of the sheriff under a debt of hers, though antedating the constitution, could not disturb her.   His honor, the Circuit judge, held otherwise, and ruled that inasmuch as the debt under which the sale was made was executed in 1867, prior to the constitution, a homestead could not be claimed against it. Under this charge the jury rendered a verdict for the plaintiff. The appeal questions the correctness of the judge's ruling.

It is well established that a debtor cannot claim a homestead out of his own property against his own debts antedating the constitution (*Gunn* v. *Barry*), and if such were the facts here,

there would be no difficulty ; but those are not the facts of this case. The defendant is not claiming the homestead out of her own estate as against her own debts, but she claims as the widow of her husband, deceased, out of his estate and assigned to her as against his debts. It may be remarked here that her right to this homestead has not been questioned, although her husband died before the adoption of the constitution. For the purposes of this case, therefore, we must assume that she is legally in possession as homesteadee, with all the rights that appertain to such possession. Now the question is, can a homestead thus assigned to her out of her husband's lands, as against his debts, stand as against her own, which antedate the constitution, or can a judgment obtained against her on such a debt sell the property and divest her of the homestead, as was held in substance by the Circuit judge? It must be remembered that neither of these questions is decided by *Gunn* v. *Barry* (15 *Wall.*, 610) and the other cases following that, because those cases have determined nothing more than that a debtor cannot claim a homestead out of his property as against his debts contracted before the homestead exemption was provided for. Nor does the fact that a creditor obtaining a judgment on such a debt can sell the property of his debtor in defiance of the claim of homestead decide them either, because in that case there is no homestead, nor can there be.

Here, however, the homestead has been allowed, and as we assume legally assigned, and the note of the defendant antedating the constitution as it does, could not have prevented the assignment had it been presented to the court which ordered it. Because she was not claiming the homestead as a debtor entitled thereto as against her own debts, but she was claiming it because of the indebtedness of her husband and as against his debts ; she was claiming it in fact as his homestead, which had descended to her under the act by his death. An old debt of his would have defeated the claim and the assignment, but no such debt of hers could have done so had it been presented. If this be sound reasoning, and it must be so, the Circuit judge was in error in charging that defendant could not claim the homestead in question against the debt in question, because, if that debt could not have prevented the original assignment of the homestead to her,

there can be no reason in the fact that it has since been reduced to judgment, that it should now defeat and divest the homestead after it has been assigned.

The next question is, can the judgment be sustained on the ground that the homestead (which as we have seen was legally assigned to the defendant) was sold by the sheriff and conveyed to the plaintiff under the sheriff's deeds, and is she estopped from denying this? It is true that the deed of the sheriff made in conformity with a sale under execution is the deed of the execution debtor (*McKnight* v. *Gordon*), and every thing or interest of said debtor that can be and has been sold in such sale passes under the deed, and the debtor cannot afterwards either deny or oppose said deed; but was the defendant's homestead sold? The execution under which the sale was made is not before us, nor are the deeds of the sheriff, and we do not know their precise terms; we suppose, however, that whatever interest the defendant had in the lands was levied and sold, and that the deed conveyed all her right, interest, and title therein. Nothing, however, could be sold and conveyed that was not leviable, because the levy must precede the sale.

Now the defendant had no right, interest, or title in these lands by virtue of her homestead; she had nothing more than the right to occupy, a mere usufruct. The title to the lands was in the heirs at law of her husband, and though she had the right to use so much thereof as her homestead covered for life, if she chose so to do, yet as we have decided in such cases this did not constitute an estate in her either for life, for years, or of any other kind. The homestead does not change titles or create new estates, it simply takes property as it finds it, and, carving out a portion, exempts it for the time being from levy and sale, and marking it "homestead" puts the debtor or his widow and children, as the case may be, in possession with the right to hold against all comers. It is a mere protected possession and therefore was not such an interest as could pass to the plaintiff by virtue of the sheriff's deed. Was it such an interest as could have been levied upon by the sheriff, even supposing that he did attempt so to levy upon it here? We think not for the reasons already given, *i. e.*, because it is nothing but a possession, an

usufruct. It certainly could not be sold by the sheriff, because in the very act of selling it would be destroyed, it would turn to ashes. The only reason that it is a homestead is because the debtor or his widow and children are in possession as such. The moment they abandon it, either voluntarily or by a forced sale, if such sale was possible, it vanishes. We conclude it was not leviable and therefore the defendant was not divested by the sheriff's deeds, as he could neither sell nor convey anything except such as he could levy.

The defendant cannot deny, however, to the plaintiff whatever interest she may have had in these lands at the time of the sale. It is said in the " case " that they were assigned to her as dower and homestead: How much was dower and how much was covered by homestead, is not stated, but whatever portion is embraced in the dower has passed to the plaintiff, and as to that portion he is entitled to both title and possession. The deed of the sheriff has also conveyed to him the fee in the entire lands *quoad hoc* the defendant; this fee, however, is burdened with the possession of the defendant of so much of the land as has been set apart as the homestead. The jury did not determine how much nor what particular portion had been assigned as dower, nor what has been assigned as homestead. Under the charge they simply found for the plaintiff. If they had gone further and found that plaintiff was entitled to the possession of the dower portion, then a proper judgment could have been entered entitling him to such possession, leaving the remainder subject to the homestead, which would have settled the case in accordance with the rights of the parties, as we understand it.

If it was in our power, we would modify the judgment as suggested so as to save the expense and trouble of another trial, but this is a law case and in such case we have no power to modify; we can only affirm or reverse and remand for a new trial, if necessary.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.